UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTWARN D. FENNER, | ) |
|       Petitioner, | ) |
|     v. | )   Civil Action No. 20-cv-2513 (TSC) |
| J. A. BARNHART, | ) |
|       Respondent. | ) |

## MEMORANDUM OPINION

Petitioner, appearing *pro se*, has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. He challenges his 2011 conviction in the Superior Court of the District of Columbia.[1] For the reasons explained below, this case will be DISMISSED.

Unlike a prisoner convicted in a state court or in a United States district court, "a District of Columbia prisoner has no recourse to a federal judicial forum unless [he shows that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (per curiam) (citations and internal quotation marks omitted). Thus, "[i]n order to collaterally

---

[1] *See Dickens v. United States*, 163 A.3d 804, 807 (D.C. 2017) ("A jury convicted appellants Antwarn Fenner and Gary Dickens of first-degree murder while armed and conspiracy to commit the same."); Pet. at 1.

attack his sentence [or conviction] in an Article III court[,] a District of Columbia prisoner faces a hurdle that a federal prisoner does not." *Byrd v. Henderson*, 119 F.3d 34, 37 (D.C. Cir. 1997).

District of Columbia prisoners may challenge their convictions collaterally by filing a motion in Superior Court pursuant to D.C. Code § 23-110, which has been described as "a remedy analogous to 28 U.S.C. § 2255" for attacking a federal conviction. *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998). *See Byrd*, 119 F.3d at 36-37 (explaining that "[s]ince passage of the Court Reform Act [in 1970], . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court- the Superior Court-pursuant to D.C. Code § 23 110"). Section 23-110 of the D.C. Code states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The D.C. Circuit has interpreted that language as "divest[ing] federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *see Ibrahim v. United States*, 661 F.3d 1141, 1142 (D.C. Cir. 2011) (stating that "the availability of relief by motion under § 23-110 typically precludes the challenger from seeking habeas relief in federal court").

Section 23-110(a)(1) authorizes "[a] prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that . . . the sentence

2

was imposed in violation of the Constitution of the United States or the laws of the District of Columbia" to "move the court to vacate, set aside, or correct the sentence." In this case, Petitioner asserts constitutional violations based on "fatal variance by constructive amendment of indictment through the jury instructions." Pet. at 15. In lieu of specifying in the Petition his grounds for relief, Petitioner points to various attachments pertaining to his trial and other matters before the Superior Court. *See id*. ¶ 12; ECF Nos. 1-2, 1-3, 1-4 (exhibits). But a D.C. prisoner's claims based on trial error and trial counsel's performance "are indeed foreclosed from federal court review by D.C. Code § 23–110" and Petitioner "has not demonstrated the inadequacy of that available remedy." *Coleman v. Ives*, 841 F. Supp. 2d 333, 335 (D.D.C. 2012). Therefore, this case will be dismissed for want of jurisdiction. A corresponding order will issue separately.

Date:  October 7, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge